GEORGE H. HESS ET AL.

v.

BOARD OF EDUCATION, ETC.

*Sales—Set-off—Failure to Perform—Evidence— Instructions —Verdict.*

1.  In a contention involving the question as to which of several contracts was the true one, evidence tending to show the fact should be admitted by the court, and the question determined by the jury.

2.  In an action to recover the value of certain furnaces, this court holds that in view of the issues in the case, the verdict for the plaintiffs for one cent was not sufficiently inconsistent to be reversed.

[Opinion filed September 11, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. CHARLES E. POPE and A. & C. B. McCOY, for appellants.

Mr. FREDERIC ULLMANN, for appellee.

*Per Curiam.* This action was brought to recover for certain furnaces furnished by appellants for the purpose of heating the school building in appellee's district. The declaration counted upon a contract in writing with particular specifications as to the condition of the building and the undertakings of appellant. Appellees filed a plea of set-off, setting up a different contract not alleged to be in writing and averred a failure to perform on the part of appellants, and that appellees were compelled to purchase other furnaces at great expense. At the trial appellants introduced a writing signed by appellants, but not signed by appellees, and which appellants contended was the contract under which the heating furnaces were furnished. ·

Appellees insisted that the contract was a verbal one, and

Hess v. Board of Education.

gave evidence of certain conversations at board meetings, at which a representative of appellants was present and made certain statements and offers which it was claimed the board accepted.    Appellants insist that it was error to admit the evidence of what occurred at such meetings and urged such error as one of the grounds for reversing this case.

As appellees denied that the writing not signed by them was the contract and insisted on a contract different in its terms, it was entirely proper for the court to admit all evidence tending to show what the true contract between the parties was, and leave the question to be determined by the jury from all the evidence.

It certainly was not for the court to determine, as a matter of law, which was the true contract.    Complaint is made that the court in the instructions given ignored certain portions of the evidence.    The instructions given for the defendants were based upon defendants' theory as to what were the terms and conditions of the contract, and on that theory stated the law correctly.    Appellants' theory was given in plaintiffs' instructions, and if the jury had believed plaintiffs' contention they would probably have given them a substantial verdict.    The verdict of the jury was for the plaintiffs with one cent damages, and it is insisted that this verdict is inconsistent and should not be allowed to stand.    We do not think there is any such inconsistency in view of the issues in this case, as invalidates the verdict on that ground alone.

The verdict may not be strictly logical, but the result approximates justice as nearly, probably, as it can be done by any tribunal.

We think there is no error which calls for the reversal of the case and the judgment will therefore be affirmed.

*Judgment affirmed.*